UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
CHARLES D. AUSTIN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
MDD_CDAChambers@mdd.uscourts.gov

May 30, 2024

LETTER TO ALL COUNSEL OF RECORD

Re:   *Micheala R. v. Martin O'Malley, Commissioner, Social Security Administration*[1]
      Civil No. 23-671-CDA

Dear Counsel:

On March 10, 2023, Plaintiff Micheala R. ("Plaintiff") petitioned the Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny her claim for Social Security benefits. ECF 1. This case was then referred to a magistrate judge with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2023). The Court has considered the record in this case (ECF 12) and the parties' dispositive filings[2] (ECFs 15, 21). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). The Court must uphold the SSA's decision if it is supported by substantial evidence and if the SSA employed proper legal standards. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons explained below, the Court will GRANT Plaintiff's Motion for Remand, REVERSE the SSA's decision, and REMAND the case to the SSA for further consideration.

I.   PROCEDURAL BACKGROUND

Plaintiff protectively filed a Title II application for Disability Insurance Benefits ("DIB") and a Title XVI application for Supplemental Security Income ("SSI") benefits on April 11, 2019, alleging a disability onset of March 1, 2019. Tr. 4. Plaintiff's claims were denied initially and on reconsideration. Tr. 136–41, 149–55. On January 6, 2022, an Administrative Law Judge ("ALJ") held a hearing. Tr. 34–69. On September 1, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[3] during the relevant time frame. Tr. 1–22. The Appeals Council denied Plaintiff's request for review, Tr. 27–31, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Kilolo Kijakazi, the Acting Commissioner of Social Security, on March 10, 2023. ECF 1. Martin O'Malley became the Commissioner of Social Security on December 20, 2023. Accordingly, the Court substitutes Commissioner O'Malley as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] Plaintiff's dispositive filing is styled as both a brief and a Motion for Remand. *See* ECF 15.

[3] 42 U.S.C. §§ 301 et seq.

## II.     THE ALJ'S DECISION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a).  The SSA evaluates disability claims using a five-step sequential evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.  Under this process, an ALJ determines, in sequence, whether a claimant: "(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012).

Here, at step one, the ALJ determined that Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability.  Tr. 7.  At step two, the ALJ found that Plaintiff has "the following severe impairments: major depressive disorder, posttraumatic stress disorder (PTSD), history of L5-S1 posterior decompression, and alcohol abuse."  *Id*.  The ALJ also determined that Plaintiff has the following non-severe impairments:

> hypertension and angina (Exh. 4F/89), sinus tachycardia (Exh. 4F/89), migraines, May-Thurner syndrome (Exh. 1F/9), status post left iliac stent placement in June 2018 (Exh. 1F/9), status post left knee ACL/meniscus repair in May 2017 (Exh. 1F/9), mild sleep apnea (Exh. 9F/29, 58), upper extremity tremors (in the context of alcohol withdrawal) (Exh. 4F/158, 176), syncope (Exh. 4F/10), and Hashimoto's (Exh. 1F/9).

Tr. 7–8.  At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."  Tr. 8.  The ALJ then determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except can never climb ladders, ropes, and scaffolds, can occasionally climb ramps and stairs, stoop, kneel, crouch, crawl and balance. Can never be exposed to hazards such as dangerous moving machinery and unprotected heights. Can work in a moderate noise intensity level as defined by the Dictionary of Occupational Titles. Can understand, remember, and carry out simple instructions and make simple work-related decisions. Can work at a consistent pace throughout the workday, but not at a production rate pace, such as on an assembly line or work involving monthly or hourly quotas. Can tolerate occasionally interact with coworkers, supervisors, and the public. Can tolerate occasional changes in the work setting.

Tr. 9–10.  The ALJ found that Plaintiff was unable to perform her past relevant work as a combat

medic (DOT[4] #079.362-010) but could perform other jobs that existed in significant numbers in the national economy. Tr. 15. Thus, the ALJ concluded that Plaintiff was not disabled. Tr. 16.

### III. LEGAL STANDARD

The Court's review is limited to determining whether substantial evidence supports the ALJ's findings and whether the ALJ applied the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The [ALJ's] findings . . . as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla" and "somewhat less than a preponderance." *Id*. In conducting the "substantial evidence" inquiry, the Court considers whether the ALJ analyzed the relevant evidence and sufficiently explained their decision. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision[.]").

### IV. ANALYSIS

Plaintiff's overarching argument is that the ALJ's RFC assessment is not supported by substantial evidence. ECF 15, at 3. She avers that: (1) the ALJ contravened Social Security Ruling ("SSR") 96-8p by failing to explain how the evidence supported each conclusion; (2) the ALJ erroneously expressed RFC in terms of an exertional level of work without first addressing Plaintiff's functional capacities; and (3) the ALJ did not properly evaluate Plaintiff's migraine headaches. *Id.* at 3–18. Defendant counters that the ALJ "correctly assessed Plaintiff's [RFC] by considering Plaintiff's subjective statements, Plaintiff's course of treatment, Plaintiff's objective medical findings, Plaintiff's daily activities, and the prior administrative medical findings." ECF 21, at 6. Defendant also contends that the ALJ properly found Plaintiff's migraines to be non-severe after "careful consideration of the entire record." *Id.* at 11.

A claimant's RFC is "the most [they] can still do despite [their] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a). When assessing RFC, an ALJ "must first identify the individual's functional limitations or restrictions and assess [their] work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The SSA classifies the ability to "understand[], remember[], and carry[] out instructions" as a mental ability which, if limited, "may reduce [the] ability to do past work and other work." 20 C.F.R. §§ 404.1545(c), 416.945(c).

Having reviewed the record, the Court agrees that the ALJ erred in assessing Plaintiff's RFC. On August 8, 2019, Dr. Andrew Bockner conducted a mental RFC assessment of Plaintiff. Tr. 79–81. Dr. Bockner determined that Plaintiff had "sustained concentration and persistence

---

[4] The "DOT" is the Dictionary of Occupational Titles. The DOT lists occupations existing in the national economy as well as the physical and mental requirements of those occupations. *See Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

limitations[.]" Tr. 79. He opined that Plaintiff's ability to "carry out detailed instructions" was "[m]oderately limited" but that Plaintiff's ability to "carry out very short and simple instructions" was "[n]ot significantly limited[.]" *Id.* On January 9, 2020, Dr. Joan Joynson conducted her own mental RFC assessment of Plaintiff. Tr. 114–15. Like Dr. Bockner, Dr. Joynson found that Plaintiff had "sustained" concentration and persistence limitations. Tr. 114. Her findings also echoed those of Dr. Bockner insofar as she found that Plaintiff's ability to "carry out detailed instructions" was "[m]oderately limited" but that Plaintiff's ability to "carry out very short and simple instructions" was "[n]ot significantly limited[.]" *Id.*

The ALJ found the opinions of Drs. Bockner and Joynson to be "partially persuasive." Tr. 14. The ALJ noted that both opinions were "supported because these consultants are familiar with the disability program, reviewed the record, relied upon relevant evidence, and provided an explanation to support their findings." *Id.* The ALJ agreed with Drs. Bockner and Joynson that Plaintiff "should be limited to understanding, remembering, and carrying out simple instructions" and assessed Plaintiff's RFC accordingly. Tr. 9, 14.

Nevertheless, the ALJ contravened SSR 96-8p by failing to assess Plaintiff's ability to carry out instructions. Although the ALJ properly assessed Plaintiff's degree of limitation in each of the broad categories of mental functioning, such findings are distinct from the "more detailed" function-by-function assessment of mental RFC that SSR 96-8p requires. SSR 96-8p, 1996 WL 374184, at *4. Specifically, SSR 96-8p requires an ALJ to "itemiz[e] various functions *contained* in the broad categories" of mental functioning when assessing RFC. *Id.* (emphasis added). The ALJ here did not provide such an analysis with respect to Plaintiff's ability to carry out instructions. Nor did the ALJ clarify whether the limitation to "short" instructions referenced by Drs. Bockner and Joynson was persuasive. Thus, the Court is unable to discern the ALJ's rationale for finding that Plaintiff can "understand, remember, and carry out simple instructions" but excluding a limitation to "short" instructions from the RFC assessment. Tr. 9.

The Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ fails to perform an explicit function-by-function analysis. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). However, when a function is "critically relevant to determining [a claimant's] disability status," remand for failure to perform such an analysis is appropriate. *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 389 (4th Cir. 2021).

Here, the ALJ's contravention of SSR 96-8p affected their subsequent conclusions, thus warranting remand. At step five, the ALJ determined that Plaintiff could perform three jobs: classifier, router, and general office helper. Tr. 16. The DOT describes these jobs as requiring "Level 2" reasoning, which entails the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." 361.687-014 CLASSIFIER, 1991 WL 672991 (1991); 222.587-038 ROUTER, 1991 WL 672123 (1991); 239.567-010 OFFICE HELPER, 1991 WL 672232 (1991). The Fourth Circuit has held, however, that an "apparent conflict" exists between a limitation to "short, simple instructions" and a need to carry out "'detailed but uninvolved . . . instructions' (as found in jobs requiring Level 2 reasoning)." *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019) (omission in original); *accord Lawrence v. Saul*,

*Micheala R. v. O'Malley*
Civil No. 23-671-CDA
May 30, 2024
Page 5

941 F.3d 140, 143 (4th Cir. 2019) ("'Short' is inconsistent with 'detailed' because detail and length are highly correlated.  Generally, the longer the instructions, the more detail they can include.").

Because a limitation to following short instructions would conflict with the jobs identified at step five, Plaintiff's ability to follow instructions is a "relevant" function with respect to the analysis required by SSR 96-8p.  *Dowling*, 986 F.3d at 389.  Despite the function's relevance to the outcome of this case, the ALJ failed to assess it, leaving the Court unable to determine whether a limitation to following short instructions was properly omitted from the RFC assessment. "Because [the Court is] left to guess about how the ALJ arrived at his conclusions on [Plaintiff's] ability to perform [a] relevant function[,] remand is necessary." *Mascio*, 780 F.3d at 637.

Because the case is being remanded on these grounds, the Court need not address Plaintiff's other arguments.  On remand, the ALJ is welcome to consider those arguments and, if warranted, to adjust their decision accordingly.  In remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.   **CONCLUSION**

For the reasons set forth herein, Plaintiff's Motion for Remand, ECF 15, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED due to inadequate analysis.  The case is REMANDED for further proceedings in accordance with this opinion.  The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Charles D. Austin
United States Magistrate Judge